UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by __IG__ D.C.
ELECTRONIC

MAR. 7, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

CASE NO.: 08-20608-CIV-GRAHAM/O'SULLIVAN

HOWARD VONDRA, Individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

STAR ONE STAFFING, INC. and
MARY JANE HAGUE, Individually.

    Defendants.

### FLSA CLASS COMPLAINT CONSISTENT WITH THE SOUTHERN DISTRICT OF FLORIDA'S PLEADING PRACTICE AND WITH INITIAL RULE 26(A) DISCLOSURES

    Plaintiff, Howard Vondra ( hereinafter sometime referred to only as "plaintiff" ) both individually and on behalf of all others similarly situated, the above named defendants.

    1.    Plaintiff brings this needed action collectively under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (hereinafter "Act" or "FLSA") to recover: unpaid premium overtime wages; statutory liquidated or double damages; penalties; pre-judgment interest; and reasonable attorneys' fees and costs (as required by the FLSA in the event that plaintiff prevails).

    2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This action is also authorized under the FLSA, 29 U.S.C. § 201, et seq., including section 16(b) of the Act, 29 U.S.C. § 216 (b).

    3.    All acts giving rise to this dispute occurred in the Southern District of Florida.

## **PARTIES**

4. The named plaintiff, Howard Vondra, is an adult nurse who resides and works for the defendants, within the Southern District of Florida.

5. The unnamed plaintiffs are also nurses who work for the defendants in South Florida.

6. Defendant, Star One Staffing, Inc., is, at all times material, an "employer" within the meaning of the Act engaged in the business of locating and providing nurses to hospitals or other medical businesses. Defendant's offices are located and its services are provided within the Southern District of Florida.

7. Defendant, Mary Jane Hague, is, at all times material, also an "employer" within the meaning of the Act doing business as an active officer, director and President or Vice President of Star One Staffing, Inc.

8. Together, defendants are an enterprise and employer within the meaning of, *inter alia*, Section 3(d) of the Act, 29 U.S.C. § 203 (d), et al., at all times material to this complaint. Also defendants earned that minimal amount of annual gross income that fall within the jurisdictional purview of the Act.

9. Plaintiff is engaged in commerce, with instrumentalities of commerce, or the movement of or production or sale of goods for commerce within the meaning of, *inter alia*, Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203 (b) and (j), while working for the defendants and at all times material to this complaint.

10. By reason of all of the above, defendants were, during all times hereinafter mentioned, each enterprises engaged in commerce or in the production or sale of goods or services for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203 (r) and 203(s), and otherwise covered by the FLSA.

## FACTS INCLUDING RULE 26 DISCLOSURES AND FLSA PLEADING PRACTICE CONSISTENT WITH THE SOUTHERN DISTRICT OF FLORIDA

11. Plaintiff commenced employment with defendants on or about December 23, 2004. From that date and through the present, plaintiff, and others similarly situated, performed the primary work duties of a Registered Nurse for the defendants at hospitals assigned to plaintiff by defendants. W-2s, as evidence of an employer-employee relationship, issued yearly.

12. Plaintiff, and others similarly situated, was and is paid by the hour by Defendants. His hourly rate fluctuates between approximately $35 and $40. That straight hourly rate was always paid, and is not at issue in the instant class action. Instead it is the time and a half rate of $17.50 or $20.00 per overtime hour worked that was never paid and is presently at issue.

13. From December 2004 through the present, plaintiff, and others similarly situated, worked all days, Monday through Sunday, anywhere from 0 to 80 hours a week

14. From December 2004 through the present, defendants refused and failed to pay plaintiff and others similarly situated, **any** extra pay for hours worked over 40 in each work week.

15. Thus, using the calender year or 52 weeks, and using the approximate figure of 15 hours of overtime per week in 2005, 2006 and 2007, and averaging plaintiff's hourly rate of straight pay to $37.50/hr, defendants failed to pay plaintiff(s) and plaintiff(s) is owed the following PREMIUM OVERTIME PAY:

**2005: 52 weeks– 15 hrs x 52 wks = approximately 780 hours of overtime x $18.75=$14,625;**

**2006: 52 weeks– 15 hrs x 52 wks = approximately 780 hours of overtime x $18.75=$14,625;**

**2007: 52 weeks–15 hrs x 52 wks = approximately 780 hours of overtime x $18.75=$14,625;**

**2008: 9 weeks– 5 hrs x 9 wks= approximately 45 hours of overtime x $18.75=$844.**

16. Therefore, **plaintiff is owed approximately $44,719.00** in unpaid overtime premium, **plus double or liquidated damages (i.e., $44,719.00 x 2), and prejudgment interest.**

17.  The FLSA provides that employees under the Act shall receive all overtime wages, at time and a half, for time worked in excess of forty (40) hours in a work week. Further, an employer who willfully violates the overtime provisions of the FLSA may be fined up to $10,000.00 and imprisoned up to six (6) months.

18.  By all of defendants' actions shown above, the defendants have violated the Act by its willful and intentional misconduct, in addition to its bad faith or lack of good faith, and, accordingly, the controlling time period governing this action should be the three (3) years preceding the date this action was initiated and double or liquidated damages are sought, which are almost automatic under the applicable case law.

19.  By reason of defendants refusal to pay plaintiff earned overtime, it has been necessary for plaintiff to hire a labor and employment attorney to prosecute this action and plaintiffs are entitled to tax a reasonable charge as attorneys' fees and costs against defendants, jointly and severally, pursuant to the FLSA. Defendants are hereby put on notice that the undersigned counsel holds a lien in his favor upon any recoveries in this matter.

20.  Plaintiff consents to the filing of the complaint and any amended complaint, as set forth in the attached Consent, and otherwise being a party plaintiff to this action.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME WAGES TO THE NAMED PLAINTIFF

21.  The named plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

22.  Federal law, 29 U.S.C. § 207 (a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

23.  At all material times preceding the filing of this Complaint, defendants employed

plaintiff in the aforesaid enterprise, in commerce or in the production or sale of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate plaintiffs in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act, 29 U.S.C. § 207 (a).

24. Defendants are employers under the Act.

25. Defendants willfully and intentionally failed to pay plaintiff the statutory overtime rate as required by the laws of the United States as set forth above and remains owing overtime wages, both back and front.

WHEREFORE, the named plaintiff demands judgment against defendants, jointly and severally, awarding plaintiff all such legal and/or equitable relief that will effectuate the purpose of the Act, including but not limited to, back pay, front pay, liquidated damages, penalties, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with prejudgment interest, court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this Court finds reasonable under the circumstances.

### COUNT II – VIOLATION OF FAIR LABOR STANDARDS ACT
**FAILURE TO PAY OVERTIME WAGES TO THE UNNAMED PLAINTIFFS**

26. The unnamed plaintiffs reallege paragraphs 1 through 20 as if fully set forth herein.

27. Federal law, 29 U.S.C. § 207 (a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours

in excess of forty at a rate of at least one and a half times the employee's regular rate."

28. At all material times preceding the filing of this Complaint, defendants employed the unnamed plaintiffs in the aforesaid enterprise, in commerce or in the production or sale of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate said plaintiffs in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act, 29 U.S.C. § 207 (a).

29. Defendants are employers under the Act.

30. Defendants willfully and intentionally failed to pay the unnamed plaintiffs the statutory overtime rate as required by the laws of the United States as set forth above and remains owing overtime wages, both back and front.

WHEREFORE, the unnamed plaintiffs demand judgment against defendants, jointly and severally, awarding the unnamed plaintiffs all such legal and/or equitable relief that will effectuate the purpose of the Act, including but not limited to, back pay, front pay, liquidated damages, penalties, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with prejudgment interest, court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

JEFFREY P. MANNERS, P.A.
11120 N. Kendall Drive, Suite 200
Miami, Florida 33176-7814
(305) 596-1056
Fax: (305) 273-1008
Lawmanners@aol.com

_____
Jeffrey P. Manners, Esq.
Florida Bar No. 0745618

## **CONSENT**

I CONSENT TO BRING THIS CLASS OVERTIME LAW SUIT, INDIVIDUALLY, BEING THE FIRST NAMED PARTY PLAINTIFF, AS WELL AS ON BEHALF OF OTHERS SIMILARLY SITUATED.

_____
Signature

PRINT NAME: _Bernard Vail_

Dated: _3/7/9_

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Howard Vondra

**DEFENDANTS**

Star One Staffing, Inc

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE TRACT OF LAND INVOLVED

FILED by IG D.C.
ELECTRONIC
MAR. 7, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jeff Manners, 11120 N. Kendall Dr., #200, Mia, FL 33176  305-670-1515

**ATTORNEYS (IF KNOWN)** N/A

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 08cv20608-Graham/O'Sullivan

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 1 days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | A PROPERTY RIGHTS | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | B ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | B ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | A FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | *A or B |
| | | *A or B | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 3-7-08

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 976410   Amount: 350—
Date Paid: 03/07/08   M/ifp: _____

9 of 9 S/F I-2
DPV 6/00